IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | Cr. No. 06-97ML |
| | ) | |
| FERNANDO GONZALEZ-RAMIREZ | ) | |

GOVERNMENT'S TRIAL MEMORANDUM

I. The Indictment and Elements

The indictment charges FERNANDO GONZALEZ-RAMIREZ with Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One), and Aiding and Abetting Distribution and Possession with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. §2 (Count Two).

The elements of Count One are as follows:

First, that from a time unknown but up to and including January 30, 2006, that the agreement specified in the proposed indictment, existed between at least two people, including the Defendant;

Second, that the agreement was to distribute or possess with intent to distribute cocaine; and,

Third, that the Defendant willfully joined that agreement.

If the jury finds the government proved each of the above elements beyond a reasonable doubt, then the jury must answer the

following question:

Did the offense involve 5 kilograms or more of cocaine?

The elements of Count Two are as follows:

First, that from a time unknown but up to and including January 30, 2006, the Defendant knowingly aided and abetted others in the possession of the controlled substance;

Second, that the Defendant knew that the substance was a controlled substance; and,

Third, that the Defendant acted intentionally, that is, it was his conscious object to assist another with the possession of the controlled substance with intent to distribute it.

If the jury finds the government proved each of the above elements beyond a reasonable doubt, then the jury must answer the following question:

Did the offense involve 5 kilograms or more of cocaine?

II. Factual Summary

The government expects the evidence in this case to show the following:

Beginning on September 28, 2005, the government commenced intercepting cellular telephone conversations pursuant to Court order. The wiretap ran until January 30, 2006.

In the days preceding January 30, 2006, the Defendant FERNANDO GONZALEZ-RAMIREZ was intercepted on Belige’s telephone arranging to have 11 kilograms of cocaine transported to Rhode

Island. Law Enforcement found 5 ½ of those kilograms on January 30, 2006 in a warehouse at 95 Hathaway Street, Providence, Rhode Island. The Defendant's relative, Aldaberto Gonzalez, was the courier who transported the cocaine from Colorado to Providence. He was arrested after having delivered the cocaine to 95 Hathaway Street. FERNANDO GONZALEZ-RAMIREZ admitted that he had arranged for his relative to transport the cocaine from Colorado to Rhode Island, stating that Aldaberto had worked on Fernando's behalf. At the time of these admissions FERNANDO GONZALEZ-RAMIREZ was in Colorado. The admissions took place over the telephone between law enforcement and the Defendant. The Defendant was not in custody at the time of these admissions, and thus Miranda does not apply.

## III. Legal Issues

### A. Agent Opinion Evidence

The government will offer the testimony of law enforcement personnel, in particular SFO Patrick Reilly, who will testify, based on their extensive experience and training in the field of narcotics trafficking, to the methods and operation unique to narcotics trafficking and to techniques used by law enforcement in a narcotics investigation. Specifically, agents may testify to the price of cocaine; the manner in which cocaine is manufactured, packaged, sold and used; the equipment used in narcotics trafficking; and, the "code", as well as other tactics used by drug dealers, to evade detection by law enforcement.

The First Circuit has consistently upheld the introduction of this type of agent testimony. See United States v. Maher, 454 F.3d 13, 23-24 (1st Cir. July 6, 2006) (upholding the admission of agent testimony regarding the meaning of words and numbers used in "Post It" notes seized from the defendant's vehicle, and testimony regarding the typical packaging of narcotics); United States v. Ayala-Pizarro, 407 F.3d 25, 28-29 (1st Cir. 2005) (affirming the district court's decision to admit agent testimony regarding the packaging of narcotics and how drug points operate); United States v. Reynoso, 336 F.3d 46, 49 (1st Cir. 2003) (opinion that drug quantity was consistent with possession with intent to distribute); United States v. Villarman-Oviedo, 325 F.3d 1, 13 (1st Cir. 2003) (in a narcotics case, agent allowed to testify to meaning of code words); United States v. Rivera-Rosario, 300 F.3d 1, 17 (1st Cir. 2002) (coded drug phrases); United States v. Valle, 72 F.3d 210, 214-15 (1st Cir. 1995).

Experienced investigators may also be "permitted to testify as experts on topics such as the structure of a criminal enterprise, the economics of the drug trade, and the handling of contraband." United States v. Sepulveda, 15 F.3d 1161, 1183-84 (1st Cir. 1993); United States v. Hensel, 699 F.2d 18, 38 (1st Cir.) (general practices of drug smugglers), cert. denied, 461 U.S. 958 (1983).

IV. Requested Voir Dire and Jury Instructions

The government will file its proposed voir dire questions and jury instructions under separate cover.

V. Witness and Evidence List

The government will submit a witness and evidence list under separate cover prior to the commencement of trial.

VI. Estimated Time of Trial

The government estimates that it will take two to three days to conduct the trial.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

**CERTIFICATE OF SERVICE**

On January 30, 2007, I caused the within "Government's Trial Memorandum" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

George J. West
One Turks Head Place, Suite 312
Providence, Rhode Island 02903-2215
(401) 861-9042

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov