IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. Cr. No. 06-7ML

FERNANDO GONZALEZ-RAMIREZ

DEFENDANT'S PRE-TRIAL MEMORANDUM

I. The Indictment and Elements

The indictment charges FERNANDO GONZALEZ-RAMIREZ with Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One), and Aiding and Abetting Distribution and Possession with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. §2 (Count Two).

The elements of Count One are as follows:

First, that from a time unknown but up to and including January 30, 2006, that the agreement specified in the proposed indictment, existed between at least two people, including the Defendant;

Second, the government must show that the defendant that he was a party to the conspiracy, that he had knowledge of the conspiracy, that he intended to agree to a conspiracy and that he intended to commit the substantive offense charged.

The government must show two types of intent: intent to agree and intent to commit the substantive offense.

Sufficient proof of specific intent or knowledge or acquiescence in a larger conspiratorial scheme ordinarily is not supplied by inference from isolated acts. U.S. v. DeLutis 722 F.2d 902 (C.A. 1 (R.I.) (1983)

The government must establish that the defendant is a member of the conspiracy charged. U.S. v. Anguiano 873 F. 2d 1314, 1317 (9th 1989)

The elements of Count Two are as follows:

The government must establish that the substance involved, if any, was cocaine.

Also it must establish that from a time unknown but up to and including January 30, 2006, the Defendant knowingly aided and abetted others in the possession of the controlled substance;

Second, that the Defendant knew that the substance was a controlled substance; and,

Third, that the Defendant acted intentionally, that is, it was his conscious object to assist another with the possession of the controlled substance with intent to distribute it.

The mere knowledge of or presence at a crime does not create accomplice liability.

The final element the Government must establish is whether there was 5 kilograms or more of cocaine involved?

If the government intends to rely on alleged admissions of the defendant it must establish that the admissions were fairly and accurately related in English.

II. Requested Voir Dire and Jury Instructions
Attached

III. Witness and Evidence List
Defendant reserves the right to submit a witness and evidence list under separate cover prior to the commencement of trial.

VI. Estimated Time of Trial
The defendant estimates that it will take two days to conduct the trial.

Defendant,
By his Attorney,

/s/ George J. West

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

ATTACHMENT

FERNANDO GONZALEZ-RAMIREZ , by and through his counsel, requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the court include the attached questions in its general voir dire of the jurors in order that the defense may effectively exercise its challenges for cause and its peremptory challenges.

**I**

**INDEX** PERSONAL
BACKGROUND -Questions 1-9
(A) Family status
(B) Residence
(C) Occupation
(D) Education
(E) Military service
(F) Familiarity with parties, authorities,
witnesses PRIOR JURY SERVICE - Questions 10-15
II. EXPERIENCE WITH JUSTICE SYSTEM - Questions 16-17
III. VICTIM OF CRIME - Question 18
IV. CASE ON TRIAL - Questions 19-20
V. LEGAL PRINCIPLES - Questions 21-37

(1) Each of you should state:
(a) your name;
(b) where you live;
(c) how long you have lived at this address;
(d) your marital status (whether married, single, widowed or divorced);
(e) the number and ages of your children, if any; (0(1)
your occupation, its length, or previous employment; (0(2)
your spouse's occupation, its length, or previous employment;
(g) the name of your present employer, if any;
(h) whether you have the authority to promote, hire or fire people;
(i) how many people you supervise;
(j) how far you went in school;
(k) what degree(s) you acquired.

(2) Have you ever served in the United States military? If so:
(a) what branch?
(b) when?
(c) rank?
(d) where?

(3) Do you, or do any members of your family or friends know the presiding judge in this case?

(4) Do you, or do any members of your family or friends know the Assistant United States Attorney who will be prosecuting this case?

(5) Do you, or do any members of your family or friends know the defense attorney?

(6) Do you know or recognize any other prospective jury panelist in the courtroom this morning? If so, what is the basis of the relationship? Would such relationship or acquaintance influence your judgment in this case?

(7) Do you have any relatives or friends who are connected with:

(a) law enforcement;
(b) a district attorney's office;
(c) the United States Attorney's Office;
(d) any law enforcement or other quasi-law enforcement agency?

If you have any such relatives or friends connected with law enforcement, have you ever discussed the guilt or innocence of people charged with violating the law?

(8) Have you ever been a police officer or military police officer or worked in a security field either for the state or national government or for private industry?

(9) Do you or do any members of your family know any of the persons who are employed by the government who worked on this case and who will testify in court, and any other witnesses who will testify for the prosecution in this case? (Request prosecutor to read list of agents and proposed witnesses). United States v. Baldwin, 607 F.2d 1295 (9th Cir. 1979).

(10) Have any of you ever sat as a juror in a civil case? If so:
(a) when?
(b) where?
(c) how often?

(11) Have any of you ever sat as a juror in a criminal case? If so:
(a) when?
(b) where?
(c) how often?
(d) did you reach a verdict?
(e) what was the verdict?

(12) Have any of you ever served on a jury in a narcotics case? If so:
(a) when?
(b) where?
(c) what was the verdict?

(13) Is there anything about the nature of a narcotics charge that would make it difficult for you to be fair and impartial as a judge of the facts?

(14) Have you ever served on such a case in which there was an acquittal? If so, did the judge comment on the verdict after it was brought in by the jury? If so, what was said by the judge, and who was the judge involved?

(15) Have any of you ever served on a federal or state grand jury? If so:

(a) when?
(b) where?
(c) how often?

(16) Have any of you, any members of your immediate family, or friends been a party in a civil action? If so, please explain.

(17) Have any of you, any members of your family, or close personal friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

(18) Have any of you, any members of your immediate family, or friends known anyone who used or was addicted to drugs? If so, please state:

(a) who?
(b) what is their relationship to you?
(c) would that fact affect your judgment in this case?
(d)

(19) What feelings do you have about drugs, in particular, cocaine? Would these feelings affect your judgment in this case?

(20) Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof and that no unfavorable inference may be drawn against a person merely because he or he is charged with a crime?

(21) How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt and to a moral certainty? Would you have any difficulty applying this presumption?

(22) Do you realize that the burden of proof is greater for a criminal case than for a civil case? The proof to establish the guilt of any person must be beyond a reasonable doubt.

(23) Do you understand that the burden of proof beyond a reasonable doubt rests with the prosecution? Would you require the prosecution to prove each and every element of an offense to a moral certainty and beyond a reasonable doubt?

(24) If the prosecution failed in its burden of proof with that degree of moral certainty amounting to proof beyond a reasonable doubt, would you have any difficulty in finding a person not guilty?

(25) Do you realize that you must give the defendant the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

(26) Knowing now that the burden of proof is for the prosecution to establish, would you require [defendant] at any time to satisfy you as to his innocence?

(27) Do you understand and accept the principle that a defendant in a criminal case is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution?

(28) If [defendant] chose to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

(29) If, after you hear the evidence, you thought that [defendant] was probably guilty-you weren't convinced and you thought the evidence showed he was probably guilty--would you nevertheless be able to return a verdict of not guilty in this case?

(30) Do you realize that you are the sole and exclusive judge of the facts and that you are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

(31) Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?

(32) Would the fact that you were in the minority influence your vote at all?

(33)Have any of you at this time formed any opinion about the guilt or innocence of FERNANDO GONZALEZ-RAMIREZ that would require evidence to remove such opinion?

(34) Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

(35) In deciding whether or not you are going to credit the testimony of a witness, would you consider the witness' conduct on the witness stand, the ability and opportunity to observe, any bias or prejudice, and the probability or improbability of the testimony?

(36)Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government? Would you give their testimony greater weight or credibility over that of [defendant] or witnesses on his behalf?

(37)Do we have your assurance that you will not allow your personal feelings about attorneys to affect your judgment about the innocence or guilt of FERNANDO GONZALEZ-RAMIREZ ?

CERTIFICATE OF SERVICE

On January 30, 2007, I caused the within "Defendant's Pre-TrialMemorandum" to be filed electronically and is available for viewing and downloading from the ECF system.
Electronic notification:
MARY E. ROGERS Assistant U.S. Attorney
U.S.Attorney'sOffice
50 Kennedy Plaza, 8th
Providence, RI 02903
mary.rogers@usdoj.gov

/s/ George J. West
______________________________