IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. Cr. No. 06-7ML

FERNANDO GONZALEZ-RAMIREZ

DEFENDANT'S PROPOSED INSTRUCTION NO. ____

The defendant is charged in count 1 of the indictment with conspiring to distribute and to possess with intent to distribute methamphetamine in violation of Section 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a time unknown, and ending on or about January 30, 2006, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership-an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement of that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willingfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as reasonable for it as the originators. On the other hand,

one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that the conspiracy exists.

Defendant,
By his Attorney,

/s/ George J. West

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

CERTIFICATE OF SERVICE

On January 30, 2007, I caused the within Proposed Jury instruction to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

MARY E. ROGERS Assistant U.S. Attorney
U.S.Attorney'sOffice
50 Kennedy Plaza, 8th
Providence, RI 02903
mary.rogers@usdoj.gov

/s/ George J. West

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one if the overt acts. Once you have decided that the defendant was a member of a conspiracy, the defendant is responsible for what other conspirators said or did to carry out the conspiracy, whether or not the defendant knew what they said or did.

Committee on Model Jury Instructions, Manual of Model Jury Instructions for the Ninth Circuit § 8.05A (1992 ed.)