IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. No. 06-097ML |
| | ) | |
| FERNANDO GONZALEZ-RAMIREZ | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorney, and hereby objects to the Defendant's Motion for Judgment of Acquittal on the grounds set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

## CERTIFICATE OF SERVICE

On March 19, 2007, I caused the within Government's Objection to Defendant's Motion For Judgment of Acquittal, along with its accompanying Memorandum, to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

George J. West
One Turks Head Place, Suite 312
Providence, Rhode Island 02903-2215
(401) 861-9042

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
)
v. ) CR. No. 06-097ML
)
FERNANDO GONZALEZ-RAMIREZ )

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Defendant has moved, pursuant to Rule 29, Federal Rules of Criminal Procedure, for a judgment of acquittal. The government presented sufficient facts upon which the jury could reasonably base its verdicts of guilty and the defendant's motion should be denied.

ARGUMENT

In assessing the sufficiency of the evidence under Rule 29, the court views "the evidence and draw[s] reasonable inferences in the light most favorable to the verdict." United States v. Diaz, 300 F.3d 66, 77 (1st Cir. 2002); United States v. McGauley, 279 F.3d 62, 66 (1st Cir. 2002); United States v. Benjamin, 252 F.3d 1, 5 (1st Cir.2001). The evidence is legally sufficient if, taken as a whole, it warrants a judgment of conviction. Diaz, 300 F.3d at 77; Benjamin, 252 F.3d at 5. Under Rule 29, the court must examine "all the evidence submitted to the jury, regardless of whether it was properly admitted." Diaz, 300 F.3d at 77; United States v. Gonzalez-Sanchez, 825 F.2d 572, 588 (1st Cir.1987). "A trial court in passing on [a Rule 29] motion considers all of the evidence it has admitted . . ." Lockhart v. Nelson, 488 U.S. 33, 41-42, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). While in an evidentiary ruling the court can make credibility assessments and draw inferences from the facts, it must take the evidence in the light most favorable to the government in ruling on a motion for a judgment of acquittal. United States v. Freeman, 208 F. 332, 343 (1st Cir. 2000); Fed.Rules Cr.Proc.Rule 29(a). In a motion for judgment of acquittal it is not the role of the court, to assess the credibility of the witnesses. Fed.R.Cr.P. Rule 29; United States v. Torres Lopez, 851 F.2d 520, 527 (1st Cir.1988), cert. denied, 489 U.S. 1021, 109 S.Ct.

1144, 103 L.Ed.2d 204 (1989). United States v. Medina-Garcia, 918 F.2d 4, 6 - 7 (1st Cir. 1990). "If the evidence presented, taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, permits a rational jury to find each essential element of the crime charged beyond a reasonable doubt, then the evidence is legally sufficient." United States v. Olbres, 61 F.3d 967, 974 (1st Cir. 1995), citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); United States v. Gifford, 17 F.3d 462, 467 (1st Cir.1994); United States v. Castro-Lara, 970 F.2d 976, 979 (1st Cir.1992), cert. denied, 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993). In evaluating sufficiency, both direct and circumstantial evidence are accorded weight. See, e.g., United States v. O'Brien, 14 F.3d 703, 706 (1st Cir.1994). So long as the evidence, taken as a whole, warrants a judgment of conviction, "it need not rule out other hypotheses more congenial to a finding of innocence." Gifford, 17 F.3d at 467. "When . . . a criminal defendant mounts a sufficiency challenge, all the evidence, direct and circumstantial, is to be viewed from the government's coign of vantage. Thus, the trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt." United States v. Olbres, 61 F.3d 967, 974 (1st Cir. 1995). Citing, United States v. Taylor, 54 F.3d 967, 974 (1st Cir.1995); United States v. Rothrock, 806 F.2d 318, 320 (1st Cir.1986). The court must take the evidence in the light most favorable to the government. United States v. Rivera-Santiago, 872 F.2d 1073, 1078 (1st Cir.1989). The court must determine whether, taking all the facts and reasonable inferences there from, a rational jury could have found the defendant guilty beyond a reasonable doubt. Id. at 1078-1079. See also United States v. Paone, 758 F.2d 774, 775 (1st Cir.1985). United States v. Lema, 909 F.2d 561 (1st Cir. 1990). All credibility disputes are to be resolved in the verdict's favor, and this "court 'need not believe that no verdict other than a guilty verdict could sensibly be reached, but must only satisfy itself that the guilty verdict finds support in a

plausible rendition of the record.' " United States v. Hatch, 434 F.3d 1, 3 (1st Cir. 2006) (quoting United States v. Gomez, 255 F.3d 31, 35 (1st Cir.2001)).

The government presented evidence as to each of the elements necessary to prove both Count One and Count Two of the Indictment, which charged conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine (Count One) and aiding and abetting the possession with the intent to distribute five kilograms or more of cocaine (Count Two). The government's presentation of evidence included intercepted conversations occurring on January 26, 2006, between the defendant, Gonzalez-Ramirez and a related defendant, Estroredarcio Bernard, known as Beligue. In these conversations the two men spoke in cryptic, stilted language, which language Task Force Officer ("TFO") Dorian Rave explained, was a coded drug conversation. The code employed such terms as "are you working?","19", "18 ½", and "mileage". TFO Rave explained that this code meant that the two men agreed on a price of $19,000 per kilogram of cocaine, and that the cocaine would be delivered to Beligue in Rhode Island, with an expected arrival date of Sunday. The evidence showed that approximately five and one have kilograms of cocaine were seized that Monday, January 30, 2006, in a warehouse in Rhode Island from an associate of Beligue. The government further presented evidence that the defendant was calling from Colorado, and that he would be sending another individual to transport the cocaine. The evidence also showed that the defendant's cousin, Aldaberto Gonzalez was arrested after delivering cocaine to the warehouse. At its most basic level, the evidence included admissions made by the defendant to TFO Rave, that the defendant had sent his cousin with cocaine to Rhode Island, that the defendant felt responsible for his cousin's arrest, and therefor he offered to cooperate with the government in the hope of helping his cousin out. The defendant admitted to having contacts with Mexican drug cartels and the defendant further offered to assist law enforcement with obtaining evidence of drug dealing against members of the cartels.

The evidence set forth, taken in the light most favorable to the government, is sufficient to support the jury's verdicts of guilty on Counts One and Two. The defendant's motion for judgment of acquittal goes to great lengths to impeach the credibility of the government's witnesses. However, as noted above, in ruling on a motion for judgment of acquittal, credibility is not to be assessed by the trial court. Based upon the facts produced at trial, the defendant has failed to present a basis for the granting of his motion for judgment of acquittal.

## CONCLUSION

For all of the foregoing reasons, defendant's motion for judgment of acquittal should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

## CERTIFICATE OF SERVICE

On March 19, 2007, I caused the within Government's Objection to Defendant's Motion For Judgment of Acquittal, along with its accompanying Memorandum, to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

George J. West
One Turks Head Place, Suite 312
Providence, Rhode Island 02903-2215
(401) 861-9042

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov