IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. No. 06-097ML |
| | ) | |
| FERNANDO GONZALEZ-RAMIREZ | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS THE 21 U.S.C. §851 INFORMATION**

**Introduction**

The Defendant has challenged the constitutionality of statute 21 U.S.C. §851 and its application in this specific case. He has advanced four arguments in support of his motion, (1) that the filing of the information penalizes the Defendant's Sixth Amendment right to trial; (2) that the filing of the information violates the separation of powers; (3) that the Defendant's Fifth Amendment right to due process has been violated; and (4) that the Defendant's prior convictions were not proven to a jury beyond a reasonable doubt. The Defendant also argues against the general appropriateness of mandatory minimum sentences and in favor of the Court's imposition of a sentence within the guideline range based upon the factors set forth in 18 U.S.C. § 3553. The Defendant's arguments are not supported by the law and therefore the Defendant's motion should be denied.

**Facts and Travel**

On September 13, 2006, the Defendant was indicted by a grand jury for conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) all in violation of 21 U.S.C. § 846 (Count One) and aiding and abetting the distribution and possession with intent to distribute five kilograms or

more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count Two). On February 6, 2007, the government filed an information pursuant to 21 U.S.C. §851. On February 8, 2007, a jury trial commenced and on February 12, 2007, a jury returned verdicts of guilty on both Counts. On May 2, 2007, the Defendant filed a motion to dismiss the information filed pursuant to 21 U.S.C. §851. The sentencing is currently scheduled for Friday, May 11, 2007.

**Argument**

The Defendant claims that the government's decision to file an information pursuant to 21 U.S.C. §851 deprived him of his right to a jury trial. Since the enhancement of the minimum mandatory sentence triggered by the filing of the § 851 information would apply whether the Defendant pled guilty or was convicted after trial, the statutory scheme itself does not impact on the Defendant's exercise of his right to trial. Even if the government had offered to forgo seeking the enhancement in exchange for the Defendant's plea, that analysis would not change. The fact that Defendants who plead guilty generally receive more lenient treatment, or at least a government recommendation of same, than those Defendants who go to trial, does not in and of itself constitute an unconstitutional burden on a Defendant's right to trial. United States v. Yeje-Cabrera, 430 F.3d 1, 25 (1st Cir. 2005). So long as the prosecutor's decision to charge, or in this case file a notice of the government's intention to seek an enhanced minimum mandatory sentence, is based upon probable cause to believe that the Defendant violated the applicable statutes,[1] the decision to file rests entirely with the prosecutor and the conscious exercise of that

[1] It should be noted that the defendant has not disputed the fact that he meets the statutory requirements for an enhanced mandatory minimum sentence by virtue of his two prior felony drug convictions.

discretion does not constitute a constitutional violation. Bordenkircher v. Hayes, 434 U.S. 357, 363-64 (1978).

The Defendant's challenge to the statutory scheme requiring the imposition of minimum mandatory sentences for certain narcotics related offenses is also without merit. Congress has the power to define criminal offenses and to determine punishments, and may, in the exercise of that authority, choose to legislate minimum mandatory penalties, thereby depriving the judicial branch of any sentencing discretion whatsoever. Chapman v. United States, 500 U.S. 453, 467 (1991). Furthermore, the fact that this statutory scheme also provides prosecutors with the authority to exercise some discretion regarding a Defendant's eligibility for an enhanced minimum mandatory penalty also presents no constitutional or other concerns. United States v. Jensen, 425 F.3d 698, 707 (9th Cir. 2005). Historically, prosecutors have always been able to exercise great discretion when it comes to charging decisions. The decision whether to seek an enhanced statutory minimum is a charging decision. In fact, this type of prosecutorial discretion is an integral part of the criminal justice system and, as such, is perfectly appropriate, as long as the enhancement decision is not based upon improper factors (i.e., race, color, creed, etc.). United States v. Labonte, 520 U.S. 751, 762 (1997). Therefore, where as here, there has not even been an allegation of reliance on one of those prohibited factors, there are no grounds upon which to challenge the delegation of discretion to the prosecution, since there is no constitutional

right to avoid a statutory enhancement. United States v. Cespedes, 151 F.3d 1329, 1334 (11th Cir. 1998).

Next, the Defendant alleges that the mandatory minimum sentence required by 21 U.S.C.

§§ 841(a)(1)(B) and 851 somehow deprives him of his "due process right to individualized sentencing determination." This argument, however, flies in the face of the well established principle that there is no constitutional or due process right in non-capital cases to individualized sentencing. United States v. McEwan, 445 F.3d 237, 252 (3rd Cir. 2006); United States v. Campusano, 947 F.2d 1, 3 (1st Cir. 1991). Rather, the Due Process clause permits the type of mandatory sentences required by statutes of the type Defendant complains about in this case. Ehrsam v. Rubenstein, 917 F.2d 764, 766 (3rd Cir. 1990).

As well as challenging the constitutionality of mandatory minimum sentences and discretionary enhancements of same, the Defendant also argues that the government must prove the existence of the prior convictions triggering an enhancement of that mandatory minimum beyond a reasonable doubt. The courts have repeatedly rejected the Defendant's interpretation of the law and specifically excluded the existence of a prior conviction from the category of penalty increasing facts that must be submitted to a jury and proven beyond a reasonable doubt to a jury. Apprendi v. New Jersey, 530 U.S. 465, 490 (2000); Almedarez-Torres v. United States, 523 U.S. 224 (1998). Prior convictions are merely sentencing factors rather than elements of the offense and, therefore, do not invoke the Sixth Amendment requirement of proof to a jury. United States v. Ivery, 427 F.3d 69, 74-75 (1st Cir. 2005). The statute itself provides that, if an information is filed pursuant to 21 U.S.C. §851, that the Court shall after conviction but before sentencing inquire of the Defendant whether he affirms or denies the previous conviction alleged in the information and also inform the Defendant that any challenge to a prior conviction which is not made before the sentence is imposed may not be raised later to attack the sentence. 21 U.S.C. §851(b). The statute also provides the Defendant with a mechanism to

challenge the prior conviction if he believes it is not valid. The Defendant must make his denial in writing and serve a copy upon the United States Attorney. 21 U.S.C. §851 (c). These safeguards adequately protect the Defendant's constitutional concerns.

Finally, the Defendant urges the Court to consider the factors set forth in 18 U.S.C. §3553. The government agrees that the Court must and should take those statutory factors into account. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). The guidelines remain an important consideration in the sentencing analysis since they alone represent an integration of the sentencing factors set forth in § 3553(a), reflect past practice, and bear the imprimatur of the Sentencing Commission. United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006).

**Conclusion**

For the reasons set forth above, the United States respectfully requests that this Honorable Court reject defendant's sentencing arguments and impose the mandatory sentence of twenty years.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

**CERTIFICATE OF SERVICE**

On May 7th, 2007, I caused the within Government's Response to Defendant's Motion to Dismiss 21 U.S.C. §851 Information to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

George J. West, Esquire
One Turks Head Place, Suite 312
Providence, Rhode Island 02903-2215
(401) 861-9042

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov