IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. No. 06-097ML |
| | ) | |
| FERNANDO GONZALEZ-RAMIREZ | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR NEW TRIAL

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorney, and hereby objects to the Defendant's Motion for New Trial on the grounds set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION

On this 31st day of May, 2007, I caused the within Government's Objection and Redacted Memorandum in Support of the Government's Objection To Defendant's Motion for New Trial to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

George West, Esquire
One Turks Head Place
Suite 312
Providence, RI 02903

/s/ MARY E. ROGERS

MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | REDACTED |
| | ) | |
| v. | ) | CR. No. 06-097ML |
| | ) | |
| FERNANDO GONZALEZ-RAMIREZ | ) | |

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR NEW TRIAL

Defendant has moved, pursuant to Rule 33, Federal Rules of Criminal Procedure, for a new trial. The Defendant has failed to set forth any valid grounds for the granting of a motion for new trial. The government presented sufficient facts upon which the jury could reasonably base its verdicts of guilty and the Defendant's motion should be denied.

ARGUMENT

A motion for a new trial is directed to the sound discretion of the trial court. The court weighs the evidence, assesses the credibility of the witnesses, and draws reasonable inferences of fact from the evidence. United States v. Rothrock, 806 F.2d 318, 321 (lst Cir. 1986); United States v. Morris, 700 F.2d 427, 432 n. 8 (1st Cir.), *cert. denied*, 461 U.S. 947 (1983); United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980); United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). The remedy of a new trial should be used sparingly, and only where there would be a miscarriage of justice if the verdict were to stand, Indelicato, 611 F.2d at 387, or where the evidence preponderates heavily against the verdict. United States v. Leach, 427 F.2d 1107, 1111 (1st Cir.), *cert. denied*, 400 U.S. 829 (1970). The trial judge does not sit as a thirteenth juror and should not set aside a verdict solely on the ground that the Court would have reached a different result. Rothrock, 806 F.2d at 322. The burden of proof justifying a new trial is on the Defendant.

The Defendant seeks a new trial on the grounds "interest of justice," and sets forth three grounds that he believes supports his claim. None rise to the level that would justify the granting of a motion for new trial.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

2. The Government Presented Credible Evidence Establishing a Nexus Between the Cocaine Seized and the Defendant.

The Defendant next claims that the government failed to establish a sufficient relevant connection between the cocaine seized at the warehouse and the Defendant. The Defendant ignores the fact that both circumstantial evidence may be used and that reasonable inferences may be drawn from the evidence presented. The government presented evidence showing that

a) the Defendant admitted that he sent his cousin from Colorado to Rhode Island to transport cocaine on the Defendant's behalf;

b) the Defendant was intercepted in conversations with a related Defendant, Belige, discussing the price and shipment of cocaine to Rhode Island;

c) the Defendant's cousin was seen outside of Belige's business establishment within the relevant time period for the cocaine shipment'

d) the Defendant's cousin was seen driving his vehicle with Colorado license plates into the warehouse, leased by Belige's business associate, staying inside for an hour, leaving the warehouse and traveling to a local motel;

e) inside the warehouse law enforcement located approximately 5 ½ kilograms of cocaine in a room that smelled of gasoline;

f) inside the warehouse garage bay door, law enforcement located discarded wrappings that reeked of gasoline, that were still wet, and the wrappings matched the type of sealing wrappers found on the cocaine seized;

g) subsequent to the cocaine seizure, the Defendant's cousin's vehicle was searched and a hide in the gas tank was located, yet no cocaine was found.

The above establishes a sufficient nexus between the seized cocaine and the Defendant. The Defendant's claim that the evidence should have been excluded is without merit. The evidence was clearly probative and the jury was entitled to draw reasonable inferences from it. The Defendant's claim that Task Force Officer ("TFO") Dorian Rave should not have been allowed to testify concerning his conversations with the Defendant, in which the Defendant made inculpatory admissions, is also without merit. Simply because TFO Rave was not court certified does not preclude him from testifying. The Defendant was given ample opportunity to cross examine TFO Rave on his ability to interpret from Spanish to English. TFO training and experience in this regard goes to the weight not the admissibility of his testimony.

3. Sufficient Evidence Was Presented to Support the Defendant's Conviction.

The government presented evidence as to each of the elements necessary to prove both Count One and Count Two of the Indictment, which charged conspiracy to distribute and to

possess with intent to distribute five kilograms or more of cocaine (Count One) and aiding and abetting the possession with the intent to distribute five kilograms or more of cocaine (Count Two). The government's presentation of evidence included intercepted conversations occurring on January 26, 2006, between the Defendant, Gonzalez-Ramirez and a related Defendant, Estroredarcio Bernard, known as Beligue. In these conversations the two men spoke in cryptic, stilted language, which language Task Force Officer ("TFO") Dorian Rave explained, was a coded drug conversation. The code employed such terms as "are you working?","19", "18 ½", and "mileage". TFO Rave explained that this code meant that the two men agreed on a price of $19,000 per kilogram of cocaine, and that the cocaine would be delivered to Beligue in Rhode Island, with an expected arrival date of Sunday. The evidence showed that approximately five and one have kilograms of cocaine were seized that Monday, January 30, 2006, in a warehouse in Rhode Island from an associate of Beligue. The government further presented evidence that the Defendant was calling from Colorado, and that he would be sending another individual to transport the cocaine. The evidence also showed that the Defendant's cousin, Aldaberto Gonzalez was arrested after delivering cocaine to the warehouse. At its most basic level, the evidence included admissions made by the Defendant to TFO Rave, that the Defendant had sent his cousin with cocaine to Rhode Island, that the Defendant felt responsible for his cousin's arrest, [redacted]

The evidence set forth is sufficient to support the jury's verdicts of guilty on Counts One and Two. Based upon the facts produced at trial, the Defendant has failed to present a basis for the granting of his motion for a new trial.

CONCLUSION

For all of the foregoing reasons, Defendant's motion for a new trial should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION

On this 31st day of May, 2007, I caused the within Government's Objection and Redacted Memorandum in Support of the Government's Objection To Defendant's Motion for New Trial to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

George West, Esquire
One Turks Head Place
Suite 312
Providence, RI 02903

/s/ MARY E. ROGERS

MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov